■ In the Matter of the Claim of WALTER DMYTRESHIN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— The Industrial Commissioner appeals from a decision of the Unemployment Insurance Appeal Board, holding, contrary to the initial determination of the Commissioner, that claimant had worked in a covered employment in New York and was qualified for benefits. Claimant was employed by the New York office of the employer as a "layout" man. The employer was engaged in a nationwide business of designing, redesigning and planning machine layouts for any concern that engaged its services anywhere in the United States. Claimant was not hired for any particular job, but was hired generally to perform services for the employer anywhere he was assigned. It so happened that his first assignment was to a plant in New Jersey, and it so happened that his employment ended before he was assigned elsewhere. If his employment during the period he worked for the employer can be considered a New York employment he is entitled to benefits. Claimant was not only hired in New York for general service anywhere, but all written instructions for the work in New Jersey emanated from the New York office of the employer, and claimant and his group were in almost constant touch with the New York office of the employer by telephone for instructions. Claimant had to go to the New York office of the employer on occasions for written plans and instructions. Appellant contends that claimant's work was "localized" in the State of New Jersey, and that the services "if any" performed in New York were "incidental" to those performed in New Jersey. We do not agree with appellant's contention that, in order to uphold the decision appealed from, we must find, as a matter of law, the converse of his contention. The Referee and the Appeals Board have found the converse as a question of fact and have applied subdivision 3 of section 511 of the Labor Law covering "Work within and without the state". We think the record justifies such a finding on the facts that claimant's service is not localized in any State, some of the service is performed in this State, claimant's base of operations is in this State, and his service was directed and controlled from this State. It is interesting to note that, under an almost identical statute, it has been held in New Jersey that claimant did not have a covered employment there and was ineligible for benefits. The main contention of appellant seems

to be that because claimant actually worked only on one job in New Jersey before his employment terminated, the board must be controlled by that factor alone. We do not think that the fortuitous circumstance that his employment ended before he was sent elsewhere is controlling. This was an unusual type of employment emanating from New York for service expected to be in numerous localities, or so the board could find, and the record affords adequate basis for the decision of the Referee and the Appeals Board. Decision unanimously affirmed, with costs to respondent.