481 P.2d 602

**Edward H. HELLER, Claimant-Appellant,**

v.

**INTERNATIONAL TRANSPORT, INC., and
Department of Employment, De-
fendants-Respondents.**

No. 10533.

Supreme Court of Idaho.

Feb. 11, 1971.

Edward H. Heller, pro se.

Pope, Ballard, Kennedy, Shepard &
Fowle, Chicago, Ill., for respondent, Inter-
national Transport, Inc.

R. LaVar Marsh, Asst. Atty. Gen., Boise,
for respondent, Dept. of Employment.

**92**

McQUADE, Chief Justice.

Claimant Edward Heller filed a claim for unemployment insurance benefits with the Department of Employment of the State of Idaho, and pursued his claim through a hearing by an appeals examiner of the Department. The claim was denied on the grounds that the services claimant performed for his employer were not within the statutory term "covered employment" as set out in Idaho Code § 72–1316(e). Claimant appealed this decision to the Industrial Accident Board, which affirmed the decision of the appeals examiner of the Department of Employment. Claimant has appealed that decision to this Court.

Claimant owned his own truck-tractor, and by contract with International Transport, Inc., (employer), which was entered into at International's headquarters in Minnesota, he pulled International's loaded trailers from place to place. Although claimant resided in Idaho, he testified that only approximately five per cent of his hauls originated in Idaho and approximately three per cent terminated in Idaho. Whenever claimant delivered a loaded trailer, he would contact the dispatcher at the Minnesota headquarters of International who would issue claimant instructions as to where he was to pick up his next load. Claimant testified hauls had originated and terminated in Minnesota, and that he also picked up and delivered loads all over the United States. He serviced his tractor wherever the need arose. International maintained no offices or terminals in Idaho, but claimant returned to Idaho after performing his services for International.

I.C. § 72–1316(e), provides:

"The term 'covered employment' shall include an individual's entire service, performed within or both within and without this state, (1) if the service is localized in this state; or (2) if the service is not localized in any state but some of the

service is performed in this state and (A) the individual's base of operations, or, if there is no base of operations, then the place from which such service is directed or controlled, is in this state, or (B) the individual's base of operations or place from which such service is directed or controlled is not in any state in which some part of the service is performed but the individual's residence is in this state. (3) Service shall be deemed to be localized within a state if (A) the service is performed entirely within such state; or (B) the service is performed both within and without such state, but the service performed without such state is incidental to the individual's service within the state, for example, is temporary or transitory in nature or consists of isolated transactions."

■ Claimant contends that though his services for International were not performed entirely within the state, they met the requirements of I.C. § 72–1316(e) (1) and (3) (B) and therefore qualify as covered employment. These subsections require that the out of state services be "incidental" to the services performed within the state to qualify. "Incidental" services are further defined in subsection (3) (B) as those of a temporary or transitory nature, or isolated transactions. Claimant urges that the services performed outside Idaho fit within these definitional limits of "incidental" services. We cannot agree. The primary focus of the subsection in question is upon the incidental nature of the services performed outside of the state. "Incidental" has been previously defined by this Court, in a very similar context, as meaning " 'something that is only an adjunct or incidental' to something else, which something else is evidently the principal thing to which the other is 'incidental.' " [1] Incidental is defined in Black's Law Dictionary as:

"Depending upon or appertaining to something else as primary, something

1. Carstens Packing Company v. Unemployment Compensation Division of Industrial Accident Board, 65 Idaho 370, 376, 144 P.2d 203, 206 (1943).

necessary, appertaining to or depending upon another which is termed principal * * *." (Citing cases.) [2] For the out of state services to be "incidental" to the in-state services as "incidental" is used in the statute, the in-state services would have to be the principal services rendered by claimant to International. The inclusion of the descriptive words "temporary," "transitory" and "isolated transactions" was intended by the legislature as a further definitional guide as to what was to be considered "incidental." The services rendered by claimant to International were regularly rendered outside of Idaho. It was established that only five per cent of claimant's haul originated in Idaho, and three per cent terminated in this state. The large majority of the hauls originated and terminated outside of this state. Thus, the out of state activities could not be described as temporary, transitory or isolated transactions. They were, rather, a major regular, enduring and frequent part of the services performed by claimant for International. The Industrial Accident Board was correct in concluding that the out of state services could not be characterized as "incidental" to the services performed within this state.

■ Claimant next contends the Industrial Accident Board erred in finding claimant's "base of operations" was not located in the state. It is contended that claimant's services are "covered employment" by virtue of I.C. § 72–1316(e) (2) (A), because some of the service was performed in Idaho and claimant's "base of operations" is in Idaho. Claimant urges this Court to hold that a "base of operations," as that phrase is used in the statute, means a place to which claimant returned upon completion of hauling freight and at which he receives his mail, keeps his records, and performs the basic functions of his job. What is intended by the requirement that it

be a place at which the person "performs the basic functions of his job" is unclear. The basic function of claimant's job—hauling loaded trailers from place to place for International—is by definition not possible of performance in any one place. The remainder of claimant's definition of "base of operations" is descriptive of his residence. However, that the legislature did not intend for "base of operations" to be synonomous with "residence" is obvious from a reading of subsections 1316(e) (2) (A) and (B) of the Idaho Code together: subsection (A) provides coverage if the base of operations is in this state and some of the service is performed here; subsection (B) provides coverage if the base of operations is *not* in any state where some of the service is performed, but the claimant's residence is in this state and some of the service is performed here. Thus residence cannot be a synonym for "base of operations;" residence is an alternative to the "base of operations" as a point of focus of the statute.

■■ The definition of base of operations used by the Industrial Accident Board, the record shows, is the "place of a more or less permanent nature from which the claimant commences his work and to which he customarily returns in order to receive instructions and communications." The meaning of the phrase in question appears to have been the subject of very little litigation, and where the proper application of the phrase has been determined by a court of record, the determination has been based on the specific facts before the court, with little illuminating reasoning.[3] Factors such as the place of beginning the service for which compensation is being paid, place of resupply of materials needed in the service, if any, place of repair of the machinery used in the service, the source of orders or directions for the services rendered and the

2. Black's Law Dictionary, rev. 4th ed. (1968).

3. *See* Puget Sound Bridge & Dredging Co. v. State Unemployment Compensation Com'n, 168 Or. 614, 126 P.2d 37 (1942); In Re Dmythreshin, 12 A.D.2d 674, 208 N.Y.S.2d 335 (1960).

permanency of any of these places if they exist should be considered in determining if there is a base of operations and where it is located. The evidence fully supports the Board's determination that claimant did not have a base of operations in Idaho.

 The Board determined that the place from which claimant's services were directed was in Minnesota, and that claimant had rendered part of his services to International in that state. The record also supports this finding. It is well established that this Court will not disturb findings of fact of the Industrial Accident Board when those findings are supported by substantial evidence.[4]

The decision of the Board is affirmed.

McFADDEN, DONALDSON, SHEP-ARD and SPEAR, JJ., concur.

4. Clark v. Bogus Basin Recreational Assn., Inc., 91 Idaho 916, 920, 435 P. 2d 256 (1967) ; Boodry v. Eddy Bakeries Co., 88 Idaho 165, 172, 397 P.2d 256 (1964) ; Watts v. Employment Security Agency, 80 Idaho 529, 534, 335 P.2d 533 (1959).