JACK VALE, APPELLANT, v. GAYLORDS NATIONAL CORPORATION AND BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 4, 1974—Decided February 22, 1974.

Before Judges HANDLER, MEANOR and KOLE.

*Messrs. Weintraub and Gelade,* attorneys for appellant (*Mr. Michael J. Weintraub* on the brief).

Statement in lieu of brief submitted on behalf of respondent Gaylords National Corporation.

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent Board of Review, Department of

Labor and Industry, State of New Jersey (*Mr. George F. Kugler, Jr.,* former Attorney General of New Jersey, and *Mr. Stephen Skillman,* First Assistant Attorney General, of counsel, and *Mr. Michael S. Bokar,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

MEANOR, J. A. D. The appellant Jack Vale is now a California resident and a former resident of Ohio. He is also a former employee of Gaylords National Corporation which has its main office in Secaucus, New Jersey. For several years Vale was employed by Gaylords as merchandise manager. Gaylords operates 43 discount retail stores scattered throughout the east, southeast and mid-west, but has no stores in New Jersey. Vale's job entailed pretty much constant travel to these stores. He testified that he spent 10% to 15% of his time working in Ohio, and only 3% to 5% of it attending meetings in New Jersey. Gaylords had an office in Cleveland, Ohio, but the extent to which Vale was present there is not found in the record. Vale seems to have operated rather autonomously in his job, acting pursuant to his own judgment 95% of the time. Any orders he received came by telephone from New Jersey. He was paid from New Jersey.

Vale applied for New Jersey unemployment compensation, was turned down, and has appealed through the administrative route to this court. After his initial denial by New Jersey, he applied for and was refused benefits in Ohio and did not seek appellate relief in that state.

The applicable statute is *N. J. S. A.* 43:21–19. The question is whether Vale's job activities constituted "employment" under certain sections of that statute defining covered employment. It should be noted that with respect to the statutory sections involved here, pertaining as they do to interstate employment, uniform definitions are used throughout the nation on the theory that only one state shall become liable for unemployment compensation benefits, and to insure such liability in an appropriate jurisdiction to one

entitled to benefits. See *Claim of Mallia,* 299 *N. Y.* 232, 86 *N. E.* 2d 577, 9 *A. L. R.* 2d 636 (Ct. App. 1949), aff'g *In re Mallia,* 273 *App. Div.* 391, 77 *N. Y. S.* 2d 739 (App. Div. 1948), and *Eagle Truck Transport, Inc. v. Board of Review, etc.,* 29 *N. J.* 280, 284–285 (1959). The provisions of *N. J. S. A.* 43 :21–19 pertinent here are:

\* \* \* \* \* \* \* \*
    (i)
\* \* \* \* \* \* \* \*

(2) The term "employment" shall include an individual's entire service performed within or both within and without this State if:
(A) The service is localized in this State; or
(B) The service is not localized in any state but some of the service is performed in this State, and (i) the base of operations, or, if there is no base of operations, then the place from which such service is directed or controlled, is in this State; or (ii) the base of operations or place from which such service is directed or controlled is not in any state in which some part of the service is performed, but the individual's residence is in this State.

\* \* \* \* \* \* \* \*

(5) Service shall be deemed to be localized within a state if
(A) the service is performed entirely within such state; or
(B) the service is performed both within and without such state, but the service performed without such state is incidental to the individual's service within the state, for example, is temporary or transitory in nature or consists of isolated transactions.

It is obvious that these tests are to be applied successively to the end that eligibility can be denied only if the claimant satisfies none of them. *Claim of Mallia, supra,* 86 *N. E.* 2d at 580.

█ The Appeal Tribunal found that Vale's employment was localized in Ohio, and the Board of Review affirmed on this basis. Here, the Board concedes, and we agree, that this finding is not supported by the record. The extent of Vale's activities in Ohio, where he spent only 10-15% of his time in a job that required virtually constant interstate travel, prevents, in light of the statutory definition, any rational conclusion that his employment was localized in Ohio. Vale spent more of his occupational time in Ohio than in any other state

and it is therefore obvious that his employment was not localized in any state.

Since the "localization" test is inapplicable, it must next be determined if Vale had a base of operations in any state. There can be only one base of operations. *Claim of Mallia, supra.* The only state in which Vale might have had a base of operations is Ohio. This is the argument now advanced by the Board. We are invited to make our own findings on this issue and affirm. We decline the invitation because the record before us is not suitable for that purpose.

The phrase "base of operations" surprisingly has received little judicial construction. There is a working definition quoted but not adopted in *Heller v. International Transport, Inc.,* 94 *Idaho* 91, 481 *P.* 2d 602, 604 (Sup. Ct. 1971) as follows:

\* \* \* the "place of a more or less permanent nature from which the claimant commences his work and to which he customarily returns in order to receive instructions and communications."

Many of the available cases are collected in Annotation, "Unemployment compensation benefits and incidence of tax upon employer where, during the base year, employee worked in different states for same employer," 9 *A. L. R.* 2d 646 (1950).

We do not believe the definition quoted above is all inclusive, but think it can be used as a guide. Obviously, the ramifications of what constitutes a base of operations will vary with the circumstances of each employment.

Vale did say that his headquarters was in Ohio, and basically on this slim reed we are asked to conclude that his base of operations was there. Beyond this statement there is virtually nothing in the record on this issue and therefore we remand for a rehearing. Among the relevant circumstances that can be explored are the place of receipt of his paycheck; the business address he had on his business cards, if any; where his business mail was addressed; where he received

his telephone orders from New Jersey; where he prepared any business correspondence, including expense vouchers.

If Vale had a base of operations in Ohio, then he is ineligible for New Jersey benefits. If he did not, then he would be eligbile for such benefits if he can satisfy the succeeding test which is applicable only where there is no base of operations. This latter test would be satisfied if (1) Vale performed some of his service in New Jersey, and (2) his service was controlled and directed from New Jersey.

If Vale did not have a base of operations, then we are satisfied that the record before us requires the conclusion that he satisfied the criteria for eligibility we have set forth immediately above since he performed some service in and received his orders from New Jersey. On this analysis there is no need to consider the last test of eligibility which has been referred to as the "resident" test. *In re Mallia, supra,* 77 *N. Y. S.* 2d at 744.

Accordingly, the judgment of the Board of Review is reversed and the matter remanded for rehearing and determination of the issue whether Vale had a base of operations in Ohio. If he did, then he is ineligible for New Jersey benefits. If he did not, then he is eligible.

Reversed and remanded. We do not retain jurisdiction.