(No. 6761.   October 29, 1940.)

JESS PHIPPS, Appellant, v. BOISE STREET CAR COMPANY, Respondent.

[107 Pac. (2d) 148.]

E. B. Smith, for Appellant.

J. M. Lampert, for Respondent.

Vestal P. Coffin, *Amicus Curiae.*

HOLDEN, J.—The Third Extraordinary Session of the Legislature (Sess. Laws 1935, chap. 12, printed in Sess. Laws 1937, p. 20) enacted an "Unemployment Compensation Law" for the purpose of securing for this state the maximum benefits of the Act of Congress, approved August 14, 1935, known as the "Social Security Act." February 5, 1939, and for approximately two years prior thereto, appellant was employed by respondent Boise Street Car Company, and in "covered employment" after the effective date of the unemployment compensation statute. February 6, 1939, he was discharged for alleged misconduct. February 14, 1939, Phipps filed a claim for unemployment compensation benefits, alleging he had been discharged for union activities. March 15, 1939, a preliminary investigation of the alleged misconduct was had before Disqualification Deputy Honorable George R. Gochnour. The deputy found:

"A disqualification for the week in which he [Phipps] was discharged and for three additional weeks has been assessed against this claimant for misconduct in disregarding the rules of the company to inspect tires, wheels, and wheel lugs on every round trip.

"The contention of the claimant that he was fired because he joined the Union has not been proven by the information given us in his letter or the facts as contained in this claimant's folder."

From that decision Phipps prosecuted an appeal (as provided by rules adopted by the board) to the Examiner of the Unemployment Compensation Division of the Industrial Accident Board. June 19, 1939, the charge of misconduct was tried, on appeal, by the Examiner Honorable George O. Bradshaw. Witnesses were sworn and examined and their testimony taken in shorthand by an official reporter appointed and employed for the purpose of reporting proceedings before the examiner, the parties being represented by counsel. July 6, 1939, the examiner made "Findings of Fact" and "Determination," and then "ordered and determined" thereon that "the claimant [appellant] lost his employment

through conditions that amounted to misconduct within the meaning of the Idaho Unemployment Compensation Law.''

July 26, 1939, Phipps filed a ''Claim for Review'' (also as provided by rules adopted by the board), and on the same day the board gave the following notice to the respective parties:

''You, and each of you, will please take notice that Jess Phipps, the above named Worker, filed with the Industrial Accident Board of the State of Idaho a claim or Petition for Review of the Findings of Fact, Conclusions of Law and Decision made by George O. Bradshaw, the Examiner of the Unemployment Compensation Division of the Industrial Accident Board, on the 6th day of July, 1939, in the above entitled matter, and you are hereby notified that the Industrial Accident Board of the State of Idaho will review said matter upon the records and files at Boise, Idaho, on the 7th day of August, 1939, at its offices in the Capitol at 10:00 A. M.''

September 8, 1939, the board rendered its ''Decision on Review.'' We quote the following:

''Pursuant to due notice, this matter came on for review of the findings of fact and decision by George O. Bradshaw, Examiner, filed herein on the 6th day of July, 1939, on the claim for review filed by Jess Phipps, worker above named, on the 7th day of August, 1939. E. B. Smith, Esq. of Boise, Idaho, filed a brief on behalf of the worker and J. M. Lampert, Esq. also of Boise, Idaho, filed one on behalf of the above named employer. The evidence introduced at the hearing, according to the transcript thereof on file herein, was reviewed by the Board and such evidence, together with the briefs filed by counsel for the respective parties, having been considered,

''It is hereby found and decided that there is sufficient competent evidence in the record of the proceeding to establish and prove all the material facts stated in the findings of facts by George O. Bradshaw, the Examiner of the Unemployment Compensation Division, *who heard the matter*, and said findings of facts are hereby referred to and made a part hereof with the same effect as if they were here fully set forth and the facts as found therein are hereby adopted by the Board as the facts found by it.

"It is further decided that the facts found by the Examiner and hereby adopted by the Board as above stated are sufficient to justify and sustain the decision of said Examiner, and said decision is hereby referred to and made a part hereof with the same effect as if it were fully set forth and is hereby adopted as the decision of the Industrial Accident Board in this matter and is hereby ordered filed with the records of the proceedings as the decision of the Board in this matter, and it is hereby further ordered and this does order that the parties be immediately notified thereof." (Emphasis ours.)

Section 5 of the 1935 "Unemployment Compensation Law," covering "Disqualification for Benefits," was amended in 1939 (Sess. Laws 1939, chap. 239, pp. 563, 568). By the amendment it was provided:

"A benefit claimant shall be disqualified—

"(a) . . . .

"(b) For not less than one, nor more than five weeks immediately preceding any week with respect to which he claims benefits, as determined by the Board according to the circumstances of each case, if his unemployment is due to the fact that he . . . . was discharged for misconduct connected with his employment; . . . .

"(c) For not less than one, nor more than five weeks, as determined by the Board according to the circumstances of each case, if his continued unemployment is due to his failure . . . .

"(d) In determining, under the provisions of subsection (c) of this section, whether work is suitable for an individual, the Board shall consider the degree of risk involved . . . . and such other factors as the Board shall deem pertinent. . . . .

"(e) For any period of time during which his unemployment is due to a then existing labor dispute unless it is shown to the satisfaction of the Board that— . . . .

"(f) . . . . "

Section 6 of the "Unemployment Compensation Law" (Sess. Laws 1937, p. 27), provides:

"Claims for Benefits. Claims for benefits shall be made in accordance with such rules and regulations as the Board

may prescribe. Any individual whose claim for benefits under this Act has been denied in whole or in part at the initial determination thereon, and any other party in interest shall be afforded an opportunity for a fair hearing in accordance with the rules prescribed by the Board. In connection with any hearings upon such disputed claims under this Act, the Board shall have all the powers vested in it under the Workmen's Compensation Law of Idaho. Its procedure in the handling of such disputed claims, shall conform, to the extent consistent with the provisions of this Act, with the procedure for handling of disputed claims for compensation under the Workmen's Compensation Law of Idaho.''

By section 11, as amended (Sess. Laws 1939, p. 570), it is provided:

''Administration. (a) Duties and Powers of the Board. It shall be the duty of the Board to administer this Act; and it shall have power and authority to adopt, amend or rescind such rules and regulations, to employ such persons, require such reports, make such investigations, and take such other action as it deems necessary or suitable to that end. Such rules and regulations shall be effective upon publication in the manner, not inconsistent with the provisions of this Act, which the Board shall prescribe. . . . . ''

As above pointed out the board did not itself hear and determine appellant's claim for compensation but heard and determined appellant's claim on a transcript of the evidence and proceedings had before Examiner Bradshaw. It could not, therefore, observe the appearance, demeanor, actions, manner, etc., of the witnesses called to the stand before the examiner, and that presents the question as to whether in these circumstances this court is bound by the decision of the board. Section 9, article 5, of our Constitution, as amended (1935 Sess. Laws 377; 1937 Sess. Laws 498), provides that:

''On appeal from orders of the Industrial Accident Board the court shall be limited to a review of questions of law.''

Section 43–1401, I. C. A., provides that the procedure before the board shall be ''as far as possible in accordance with the rules of equity.''

■ Beginning with *Roby v. Roby,* 10 Ida. 139, 77 Pac. 213, this court held and has consistently adhered to the holding that:

"Since the trial judge did not see the witnesses upon the stand [the case having been referred to a referee to take testimony and report it to the court] and did not hear them testify, but determined the case on depositions, we are in as favorable a position to judge of their truthfulness and the weight to be given to the evidence as was the trial judge. In such case the rule that this court will not disturb the judgment where there is a conflict in the evidence does not apply." See, also, *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8, 13; *Jackson v. Cowan,* 33 Ida. 525, 196 Pac. 216; *McKenzie v. Miller,* 35 Ida. 354, 206 Pac. 505; *In re Rexburg Investment Co.,* 36 Ida. 552, 211 Pac. 552; *Estate of Peterson,* 38 Ida. 195, 220 Pac. 1086; *Estate of Tormey,* 44 Ida. 299, 256 Pac. 535; *Pioneer Irr. Dist. v. American Ditch Assn.,* 50 Ida. 732, 1 Pac. (2d) 196; *Keyes v. Keyes,* 51 Ida. 670, 9 Pac. (2d) 804; *Cannon v. Seyboldt,* 55 Ida. 796, 48 Pac. (2d) 406, all decided prior to the adoption of the constitutional amendment, *supra.*

■ The general principles of statutory construction apply to the interpretation of constitutions. (16 C. J. S., Constitutional Law, secs. 15–29; 12 C. J. 699–710, sec. 63.) It is therefore to be assumed the legislature, in presenting, and the people, in adopting, the amendment were familiar with the holdings above referred to and uniformly followed. (*Oregon Short Line R. Co. v. Pfost,* 53 Ida. 559, 576, 27 Pac. (2d) 877.) We must presume the amendment contemplated the law as it had been announced by this court. *Wright v. Callahan,* 61 Ida. 167, 99 Pac. (2d) 961.

■■ When the trier or triers of facts does not or do not hear and see the witnesses face to face, the findings of such tribunal are not necessarily and *ipso facto* of any greater cogency than those of any other tribunal. Moreover, where the reason of the law ceases, the law itself also ceases. (*Beardsley v. City of Hartford,* 50 Conn. 529, 47 Am. Rep. 677; *Succession of Baker,* 129 La. 74, 55 So. 714, 719, Ann. Cas. 1912D, 1181; *Moore v. Sharpe,* 91 Ark. 407, 121 S. W.

341, 23 L. R. A., N. S., 937; *People v. Bloom,* 193 N. Y. 1, 85 N. E. 824, 826, 127 Am. St. 931, 936, 15 Ann. Cas. 932, 934, 18 L. R. A., N. S., 898, 901; 6 Words and Phrases 472.)

■■ Furthermore, are we to assume that the amendment was intended to give greater sanctity to the findings of the Industrial Accident Board than to the findings of a district judge, based only on written testimony, not evidence given *ore tenus?* Such has not been historically the apparent theory of our law. (Secs. 30–1109, 61–1910, 11–303, 11–406, I. C. A.) We conclude that no greater weight should be given to findings of the Industrial Accident Board than to those of a district court. Hence, unless the board or a majority thereof hears and sees the witness testify (the procedure fixed by the Workmen's Compensation Law), its findings are not, even under the constitutional amendment, in view of the above holdings of the court, conclusive on this court nor so intended to be by the people. Generally, however, see 71 C. J. 1372 et seq. to 1390, *Helvering v. Kehoe,* 309 U. S. 277, 60 Sup. Ct. 549, 84 L. ed. 751, and *National Labor Relations Board v. Columbian E. & S. Co.,* 306 U. S. 292, 59 Sup Ct. 501, 83 L. ed. 660, and dissent, 665. We have carefully examined the record and find the evidence does not show such misconduct on the part of the appellant as would justify delay in the payment of his unemployment compensation.

The "Decision of the Board" is, therefore, reversed and the cause remanded with directions to the Industrial Accident Board to cancel and vacate its order of disqualification. Costs awarded to appellant, to be paid out of the Unemployment Compensation Administration Fund (subd. (e), sec. 14, 1939 Sess. Laws, 573).

Ailshie, C. J., Budge and Givens, JJ., concur.

Morgan, J., deeming himself disqualified did not sit at the hearing or participate in the decision.