563 P.2d 404

K. Jolene HUTCHINSON, Claimant-Appellant,

v.

J. R. SIMPLOT COMPANY, Employer, and Department of Employment, Defendants-Respondents.

No. 12225.

Supreme Court of Idaho.

April 27, 1977.

K. Jolene Hutchinson, pro se.

R. LaVar Marsh, Deputy Atty. Gen., Roger G. Madsen, Asst. Atty. Gen., Boise, for defendants-respondents.

PER CURIAM:

This is an appeal from an order of the Industrial Commission upholding the Department of Employment's denial of unemployment compensation benefits to the claimant appellant K. Jolene Hutchinson. Hutchinson had applied for benefits after being discharged by her employer J. R. Simplot Co. The Department of Employment had denied her benefits on the ground that she had been discharged for misconduct for violating company rules connected with her employment. *See* I.C. § 72–1366(e).

While violation of an employer's rules is not, *per se,* misconduct which will render an employee ineligible for unemployment compensation benefits, *Wroble v. Bonners Ferry Ranger Station,* 97 Idaho 900, 556 P.2d 859 (1976); *Avery v. B & B Rental Toilets,* 97 Idaho 611, 549 P.2d 270 (1976),

deliberate violation of reasonable company rules ordinarily is misconduct which renders the claimant ineligible, *cf. Wroble v. Bonners Ferry Ranger Station, supra; Avery v. B & B Rental Toilets, supra.*

In this case the Industrial Commission found that the claimant Hutchinson had violated company rules because she had used company typewriters to write private letters during business hours and had repeatedly made private use of company telephones during working hours and had continued to do so after being warned about her violations. These findings are supported by substantial, though conflicting, evidence and will not be disturbed on appeal. I.C. §§ 72–1368(i), 72–732; Art. 5, § 9, Idaho Constitution; *McIlwain v. Department of Employment,* 98 Idaho 187, 560 P.2d 510 (1977).

The commission's decision upheld the application of the rules, which in this case are not unreasonable, and that decision is supported by the record. The Industrial Commission did not err in affirming the denial of unemployment compensation benefits, and its decision is affirmed.