580 P.2d 75

Gary L. BOOTH, Claimant-Appellant,

v.

CITY OF BURLEY, Employer, and Department of Employment, Defendants-Respondents.

No. 12470.

Supreme Court of Idaho.

June 14, 1978.

---

Gary L. Booth, pro se.

R. LaVar Marsh, Deputy Atty. Gen., Donald L. Harris, Asst. Atty. Gen., Boise, for Dept. of Employment.

William A. Parsons, Burley, for City of Burley.

McFADDEN, Justice.

On February 10, 1975, claimant-appellant Gary L. Booth was discharged as Chief of Police for defendant-respondent City of Burley (hereinafter respondent city). Thereafter appellant applied for unemployment benefits with defendant-respondent Idaho Department of Employment (hereinafter respondent department), but moved to Nebraska prior to the appeals examiner's determination of eligibility. Respondent city asserted nine reasons for appellant's discharge before the claims examiner, summarized as follows: leaving the city without properly notifying city officials; promoting members of the police department without approval; ordering uniforms and supplies without advance approval; failing to submit expense vouchers during the fiscal year in which expenses were incurred; misrepresenting the police department's budget surplus; hiring city personnel without advance approval; failing to discharge his wife from employment with the police department after being so requested by city officials; and improperly performing fiscal responsibilities. Appellant, however, did not respond to these charges. The claims examiner concluded from the statements submitted that appellant was discharged for misconduct in connection with his employment and denied appellant's claim for unemployment benefits.

After being denied benefits, appellant retained Idaho counsel and requested a redetermination, which was treated by respondent department as an appeal pursuant to I.C. § 72–1368(d). Pursuant to I.C. § 72–1344, a hearing was held before the Nebraska Unemployment Compensation appeals referee and appellant's recorded testimony, together with exhibits, was sent to the Idaho appeals examiner. At the continued hearing before the Idaho appeals examiner appellant was represented by counsel and testimony was received from several city employees. The appeals examiner granted appellant's claim for unemployment benefits, concluding that appellant's actions

were negligent but did not constitute "misconduct" under the Idaho Employment Security Law.

Pursuant to I.C. § 72–1368(g), respondent city appealed this determination to the Idaho Industrial Commission and requested an opportunity to cross-examine appellant and contest the admissibility of portions of the recorded testimony before the Nebraska appeals referee. After several unsuccessful attempts to arrange a hearing date when appellant could be present, the case was submitted on the record from the proceedings below. The Industrial Commission found:

### I

The claimant was employed as Burley Police Chief from May 3, 1974, to February 10, 1975, when he was discharged by the Mayor and City Council. The employer has furnished several reasons for discharging the claimant.

### II

On a number of occasions during the claimant's term as Police Chief, the claimant left the city without informing any city official or his second in command of his whereabouts or when he expected to return. The claimant had been informed by the Mayor at the time he was employed that he was expected to give such information when he was to be out of the city.

### III

When the claimant was first employed, he was informed of certain financial policies of the city. Any purchase of $100.00 or more was to be approved by the Mayor or City Clerk, and large expenditures were to be brought before the police committee. Invoices were to be presented to the council for payment at the next meeting after their receipt. The claimant did not comply with these policies in several instances.

### IV

In July, 1974, the claimant purchased various cartridges and projectiles costing approximately $2,300.00. This purchase was not approved by the Police Committee, nor did it become known to city officials until the claimant presented vouchers at the end of January, 1975. Likewise, the claimant had purchased uniforms in September, 1974, costing approximately $2,200.00 without approval of city officials. The invoice was not presented to the city officials until January 31, 1975.

### V

In August, 1974, the claimant hired an employee under a program in cooperation with the College of Southern Idaho, which obligated the city to pay forty per cent of the individual's salary. City officials did not learn of this arrangement until February, 1975.

### VI

The claimant received permission to place his wife on the payroll for a two-week period during the summer of 1974. She remained on the payroll for two or three months, during which time the claimant ignored several requests of city officials that her employment be terminated.

### VII

In January, 1975, the claimant attempted to make certain promotions within the police department and announced the promotions to the press before presenting them to the City Council. The council ultimately disapproved the requested promotions.

### VIII

On one occasion, while urging the city to make certain salary increases within the Police Department, he represented to the council that his department would have a surplus at the end of the year of $20,000.00. In fact, the budget was overspent at the end of the year by approximately $22,000.00. All of these factors contributed to a lack of confidence in the claimant by Burley city officials and resulted in his termination.

The Industrial Commission concluded that appellant was discharged for actions that violated known rules of employment and that showed an intentional disregard for the employer's interests.

Appellant appeals pro se from the order of the Industrial Commission reversing the ruling of the appeals examiner and denying his claim for unemployment benefits.

■ Examination of this court's standard of review when witnesses do not appear before the Industrial Commission is essential for resolution of this appeal. This court's review of unemployment compensation cases is limited by the Idaho Constitution and prior court decisions to reviewing only questions of law. Idaho Const. art. 5, § 9; *Hutchinson v. J. R. Simplot Co.*, 98 Idaho 346, 563 P.2d 404 (1977). Our review in cases involving factual disputes is restricted to determining whether findings of fact by the Industrial Commission are supported by substantial and competent evidence in the record. *Hutchinson v. J. R. Simplot Co., supra; McIlwain v. Department of Employment*, 98 Idaho 188, 560 P.2d 510 (1977); *Avery v. B and B Rental Toilets*, 97 Idaho 611, 549 P.2d 270 (1976); *Totusek v. Department of Employment*, 96 Idaho 699, 535 P.2d 672 (1975); *Levesque v. Hi-Boy Meats, Inc.*, 95 Idaho 808, 520 P.2d 549 (1974); *Heller v. International Transport, Inc.*, 94 Idaho 91, 481 P.2d 602 (1971). However, several prior decisions of this court have held that findings of fact by the Industrial Commission are not binding on appeal when the Commission does not hear and see witnesses. In these cases, the court has suggested that it will independently review the record to determine whether a claimant is eligible for benefits under the Employment Security Law. *Clay v. Crooks Industries*, 96 Idaho 378, 529 P.2d 774 (1974); *Mata v. Broadmore Homes*, 95 Idaho 873, 522 P.2d 586 (1974); *Kirkbride v. Department of Employment*, 91 Idaho 658, 429 P.2d 390 (1967); *Custom Meat Packing Co. v. Martin*, 85 Idaho 374, 379 P.2d 664 (1963); *Wolfgram v. Employment Sec. Agency*, 75 Idaho 389, 272 P.2d 699 (1954); *Mandes v. Employment Sec. Agency*, 74 Idaho 23, 255 P.2d 1049 (1953); *Phipps v. Boise Street Car Co.*, 61 Idaho 740, 107 P.2d 148 (1940).

■ The justification for this expanded scope of appellate review has been based on the theory that, "When the trier or triers of facts does not or do not hear and see the witnesses face to face, the findings of such tribunal are not necessarily and *ipso facto* of any greater cogency than those of any other tribunal." *Phipps v. Boise Street Car Co.*, 61 Idaho at 747, 107 P.2d at 151. However, since this court's adoption of an expanded scope of review in *Phipps v. Boise Street Car Co., supra*, the Idaho Employment Security Law has been extensively amended to provide an initial determination of eligibility for unemployment benefits, four levels of agency review and judicial review by this court. I.C. § 72–1368; *Department of Employment v. St. Alphonsus Hospital*, 96 Idaho 470, 531 P.2d 232 (1975). These statutes, together with the inappropriateness of judicial review of questions of fact, militate against assuming an expanded scope of appellate review in unemployment compensation cases involving factual disputes, regardless of whether witnesses have personally appeared before the Industrial Commission. The court therefore declines to independently adopt findings of fact at variance with those of the Industrial Commission where such findings are supported by substantial and competent evidence in the record. Prior decisions suggesting a contrary result are, to this extent, hereby expressly overruled.

■ The remaining issue is the sufficiency of the evidence in support of the findings of fact made by the Industrial Commission. Based upon a careful review of the entire record before the Industrial Commission it is the conclusion of the court that its findings of fact are supported by competent and substantial evidence and will not be disturbed on appeal. Having found that appellant intentionally disregarded his employer's rules and best interests no error was committed in the Industrial Commission's conclusions of law and order denying appellant's claim for benefits.

The order of the Industrial Commission denying unemployment insurance benefits is affirmed. No costs are allowed.

SHEPARD, C. J., and DONALDSON and BAKES, JJ., concur.

BISTLINE, Justice, dissenting.

The issue on appeal is not whether the City was justified in discharging the claimant,[1] but rather whether the claimant's work performance amounted to the type of "misconduct," which constitutes a bar to unemployment compensation benefits. Such being the case, I am unable to understand why the Court in its opinion dwells at length on the constitutional standards of appellate review of findings of fact. Nor can I understand the relevance of its conclusion that, "The court therefore declines to independently adopt findings of fact at variance with those of the Industrial Commission where such findings are supported by substantial and competent evidence." Nowhere in claimant's brief is there any argument that this Court should *not* abide by findings of the Commission which are supported by substantial competent evidence.

In announcing its dictum on the constitutional question, the Court's opinion painstakingly sets forth the findings of fact made by the Commission, which are, I concede, accurately copied from the appeal transcript. These findings from the Commission are the same findings which were made by the appeal examiner, numbered and rearranged in order. The opinion then incorrectly declares:

> The Industrial Commission concluded that appellant was discharged for actions that violated known rules of employment and that showed an *intentional* disregard for the employer's interests. (Emphasis added.)

1. Claimant, writing his own brief, states that he "does not question the City's right to terminate, only the manner in which it was done."

2. The Commission's only conclusions were:

   I
   A claimant for unemployment insurance benefits is ineligible if it is found that his unemployment is due to having been discharged for misconduct in connection with his employment. Misconduct is defined as an act in willful disregard of the employer's interests, a deliberate violation of the employer's rules, or an intentional disregard of standards of behavior which the employer has a right to expect of his employee.

The misstatement is repeated in the final paragraph of the Court's opinion:

> Based upon a careful review of the entire record before the Industrial Commission it is the conclusion of the Court that its findings of fact are supported by competent and substantial evidence and will not be disturbed on appeal. Having found that appellant *intentionally* disregarded his employer's rules and best interests no error was committed in the Industrial Commission's conclusions of law and order denying appellant's claim for benefits. (Emphasis added.)

My concern is not so much with the misstatement,[2] as it is with the failure to recognize that the only question before us is one of law. We are not asked to change the facts; we are asked to reach a legal conclusion different from that arrived at by the Commission.

Simply put, the issue before us is whether or not the facts as found justified the Commission's conclusion of law that claimant was guilty of the type of "misconduct" for which unemployment benefits may properly be denied under the language of I.C. § 72–1366(e):

> The personal eligibility conditions of a benefit claimant are that—

> .    .    .    .    .

> (e) His unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment.

II
The Commission finds that the claimant was discharged for actions which were in disregard of the employer's interests and of the instructions that had been given him at the time of his employment. The Commission concludes that the claimant's discharge was for misconduct in connection with his employment.
Conspicuously absent is any acknowledgment by the Commission of the distinction between misconduct serious enough to justify discharge and misconduct serious enough to result in denial of unemployment benefits. Equally absent is any explicit finding by the Commission that Booth's misconduct was *intentional.*

In *Wroble v. Bonners Ferry Ranger Station,* 97 Idaho 900, 556 P.2d 859 (1976), this Court made it clear that not every "violation of *any* rule of an employer will, per se, constitute misconduct such as will result in the denial of unemployment compensation benefits upon discharge." (Emphasis in original.) *Id.* at 902, 556 P.2d at 861. "Misconduct" within the meaning of I.C. § 72–1366(e) must amount to

"wilful, intentional disregard of the employer's interests; *a deliberate violation of the employer's rules* ; or a disregard of the standards of behavior which the employer has a right to expect of his employees." (Emphasis added in *Wroble.*)

*Id.* (quoting from *Oliver v. Creamer Heating & Appliance Co.,* 91 Idaho 312, 317, 420 P.2d 795, 800 (1966).

Appeals Examiner G. H. Oram concluded that the conduct of Booth did not amount to *intentional* disregard of his employer's interests or rules or reasonable standards of behavior. After dismissing several of the issues complained of as being completely without merit, the Appeals Examiner concluded that the remaining items were "in the nature of good faith errors":

The Wisconsin Supreme Court in *Boynton Cab Company v. Neubeck,* [237 Wis. 249]

296 N.W. 636 states " * * * good-faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute." While it may be seen that the actions of the claimant were not acceptable to the Police Committee and the City Council responsible for his employment, the facts as they have been presented to the examiner reveal nothing to indicate more than perhaps some *inefficiency or inadvertencies or ordinary negligence* on his part to indicate that he was not doing the best he could under the circumstances. As a result, the Examiner is constrained to rule that there was no misconduct, per se, on the part of the claimant. (Emphasis added.)

I find the conclusions of law of the appeals examiner supported both in logic and in law, and I see nothing in the Court's opinion suggesting to the contrary.[3]

---

**3.** The majority offers no explanation as to why the Commission's *conclusions of law* are correct and those of the appeals examiner are not. This issue should be the crux of the appeal, not the proper appellate standard on *findings of fact* —which, in my opinion, is dictum.