581 P.2d 336

**Robert L. SIMMONS,
Claimant-Respondent,**

v.

**DEPARTMENT OF EMPLOYMENT,
Defendant-Appellant.**

**No. 12561.**

Supreme Court of Idaho.

July 6, 1978.

---

R. LaVar Marsh, Deputy Atty. Gen., Wayne L. Kidwell, Atty. Gen., Roger B. Madsen, Asst. Atty. Gen., Boise, for defendant-appellant.

Robert L. Simmons, pro se.

McFADDEN, Justice.

Defendant-appellant Department of Employment appeals from an order of the Industrial Commission granting unemployment compensation benefits to claimant-respondent Robert L. Simmons. We affirm.

Respondent moved from Orofino, Idaho, to accept seasonal employment as a granulator at the Amalgamated Sugar Company plant in Nampa, Idaho, on October 8, 1975. Late in the evening of December 14, 1975, respondent's pregnant wife developed bronchitis and respondent drove her to their family obstetrician in Clarkston, Washington. Respondent remained with his wife for three days during her illness before returning to work in Nampa on December 17, 1975. Respondent was then informed that he had been discharged for not being at work when scheduled.

The present controversy began when respondent sought to collect unemployment benefits after being discharged from his employment. The Department of Employment claims examiner initially found that

respondent was eligible for unemployment benefits because he had notified the employer of his intended absence, had explained the circumstances of the emergency and had attempted to return to work. However, upon redetermination of that decision pursuant to I.C. § 72–1368(d), the claims examiner found that respondent had been absent from employment "without properly notifying the employer" and concluded that such action constituted misconduct. Unemployment benefits were thus denied and prior benefits ordered refunded to the Department of Employment.

Pursuant to I.C. § 72–1368(f), respondent appealed the denial of unemployment benefits to the Department of Employment appeals examiner. The appeals examiner found that respondent had been absent from work during the time when he was scheduled to be at work and concluded that this constituted misconduct.

Respondent appealed the determination to the Industrial Commission pursuant to I.C. § 72–1368(g). Without hearing additional witnesses, the Industrial Commission found that respondent had notified his employer of the absences and was, therefore, eligible for unemployment benefits. This appeal is from the order of the Industrial Commission reversing the determination of the appeals examiner and awarding respondent unemployment benefits.

■■■ A benefit claimant under the Idaho Employment Security Law is not eligible for unemployment benefits if he is discharged for misconduct in connection with his employment. I.C. § 72–1366(e). Violation of an employer's rule is not, per se, misconduct; rather, a deliberate and intentional violation of the spirit of the rule is required. *Wroble v. Bonners Ferry Ranger Station*, 97 Idaho 900, 556 P.2d 859 (1976). Whether or not witnesses appear before the Industrial Commission, this court's appellate review is restricted to reviewing questions of law, *Booth v. City of Burley, Idaho*, 580 P.2d 75 (1978), and findings of fact by the Industrial Commission will not be disturbed when supported by substantial and competent evidence. *Hutchinson v. J. R.*

*Simplot Co.*, 98 Idaho 346, 563 P.2d 404 (1977).

The following facts in the record are uncontroverted: the employer required employees to receive permission from the supervisor or assistant superintendent for all employee absences; permission would be granted for health emergencies or illnesses; respondent was discharged from employment for being absent when scheduled to work; respondent notified the employer of his absence by telephone during the second day of his absence; respondent's sister-in-law telephoned the employer at 8:00 a.m. on each day respondent was absent and notified the assistant superintendent that respondent intended to be absent; and on each occasion the assistant superintendent, after being notified of respondent's intended absence, answered "OK."

■■■ It is not clear, however, whether respondent sought and received permission for the three day absence prior to the time that he left with his wife for Clarkston, Washington. The Industrial Commission so found and there is competent and substantial, although conflicting, evidence in support of this finding. However, even assuming that no permission was received on the evening of December 14, 1975, no permission to be absent was required until the morning of December 15, 1975, when respondent was scheduled to report for work. The record is uncontroverted, and the Industrial Commission expressly found, that respondent's sister-in-law telephoned the employer and received permission on the morning of December 15, 1975, and each morning of respondent's absence, prior to the time that respondent was required to report for work. Assuming that respondent did not receive permission for the absences on the evening of December 14, 1975, the employer could have denied respondent's daily requests to be absent and respondent would have been unable to attend work and therefore would have violated his employer's rule. This was the chance that respondent took when he left for Clarkston, Washington, without advance employer approval. However, having received permis-

sion on each morning of his absence, respondent avoided violating his employer's rule and the possibility of being discharged "for misconduct in connection with his employment."

We therefore hold that there is substantial and competent evidence supporting the Industrial Commission's finding that respondent notified his employer of the absences. Accordingly, appellant is entitled to unemployment benefits for his discharge from employment.

Order of the Industrial Commission granting respondent unemployment benefits is affirmed. Respondent not having appeared in person or by counsel, and no brief having been submitted, no costs are allowed.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.