Marie A. MOORE

v.

## MAINE DEPARTMENT OF MANPOWER AFFAIRS, EMPLOYMENT SECURITY COMMISSION, et al.

Supreme Judicial Court of Maine.

July 18, 1978.

---

Lucinda E. White, Portland (orally), for plaintiff.

Gingras, Speers & Gasink by Donald J. Gasink, Augusta (orally), for defendant.

Before DuFRESNE, C. J., and POMER-OY, WERNICK, ARCHIBALD, DELA-HANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Plaintiff, Marie A. Moore, brings this appeal from the judgment of the Superior Court in Kennebec County, which affirmed a decision of the Employment Security Commission temporarily disqualifying her,

pursuant to 26 M.R.S.A. § 1193(2),[1] from receiving unemployment compensation benefits. The issue here is whether the Plaintiff was "discharged for misconduct connected with . . . [her] . . . work . . . " as that term is defined in 26 M.R.S.A. § 1043(23).[2] The Superior Court, as well as the Commission, resolved that issue adversely to the Plaintiff, and she appeals pursuant to 26 M.R.S.A. § 1194(9).

We sustain the appeal, and remand for further proceedings consistent with this opinion.

The Commissioner made the following findings of fact:

The claimant was employed by this employer . . . [a Dunkin Donuts franchisee] . . . as a waitress for approximately fifteen months until her discharge on September 10, 1974. The reasons given for her discharge were her habit of talking with the customers during working hours, and her failure to collect from the patrons when they were served. The employer testified that the claimant had been spoken to about the fact that she spent too much time chatting with the customers, but she continued to do so. It was an established company rule that the waitresses collect from the customers as soon as they were served. The claimant consistently violated this rule, even though she had been requested to comply.

As "Reasons For Decision," the Commissioner gave the following:

It has been generally held that violation of company rules constitutes misconduct within the context of the statute as set forth above, providing that the rules are reasonable. It is certainly reasonable for the owners of a restaurant to require that their waitresses keep conversations with the customers to a minimum.

The rule concerning collecting from the customer as soon as he is served is likewise reasonable. Opinions may differ as to the likelihood of patrons leaving without paying, but the rule is reasonable on its face.

The claimant was aware of both of these rules, and had been spoken to about her failure to abide by them. In fact, her written and signed statement admits this.

■ Upon appeal, our review of the Commissioner's factual findings is limited to a determination of whether they are supported by any competent evidence. *Dubois v. Maine Employment Security Commission*, 150 Me. 494, 505, 114 A.2d 359 (1955). Our jurisdiction is confined to reviewing questions of law. See 26 M.R.S.A. § 1194(9).

We conclude that the Commissioner committed two errors of law in his decision temporarily disqualifying the Plaintiff from unemployment benefits.

The Commissioner made the following findings regarding the employer's rule that waitresses avoid excessive talking with customers: (1) that there was such a rule, and that it was reasonable on its face; (2) that the employer had spoken to the Plaintiff about her talking to customers; and (3) that the Plaintiff continued to talk to customers in the same way, notwithstanding the employer's warning.

■ While we have no occasion at this time to disturb any of those findings, we

---

1. 26 M.R.S.A. § 1193 (since amended by P.L. 1977, c. 472, § 2) provided, in pertinent part:

An individual shall be disqualified for benefits:

. . . . .

2. Discharge for misconduct. For the week in which he has been discharged for misconduct connected with his work, if so found by the commission, and disqualification shall continue for 12 weeks immediately following such week or until claimant has earned 8 times his weekly benefit amount, whichever occurs first

. . . .

2. 26 M.R.S.A. § 1043(23) provides:

Misconduct. "Misconduct" means conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

hold them to be insufficient as a matter of law to support a finding of statutory misconduct. Taken together, the most these findings establish is that the employer thought Mrs. Moore talked too much. However, disqualification from receiving the benefits of the unemployment act must be established with reference to an objective standard, and the Commissioner failed to apply such a standard.

■ In *Therrien v. Maine Employment Security Commission,* Me., 370 A.2d 1385, 1389 (1977), we noted that "(s)incerity of belief is too subjective a concept to serve satisfactorily as the sole basis for determining a discharged employee's status under the statute." Although we were there referring to an employee's belief, the rationale is equally appropriate here. Mrs. Moore's job by its very nature called for talking to customers. Although she conceded that she had been spoken to about this matter, she steadfastly maintained that she was not unreasonable in her contacts with customers, and that the amount of talking she did was consistent with efficiency, good customer relations and the other demands of her job.

In these circumstances, it would be inequitable to deny a claimant the remedial benefits of the statute solely on the employer's subjective assessment that a certain amount of talking was too much.[3] Rather, " . . . [her] . . . conduct should be measured against a standard of reasonableness under all the circumstances." *Therrien v. Maine Employment Security Com'n., supra,* 370 A.2d at 1389.

■ We also conclude that the Commissioner erred to the extent his decision rests on the view that violation of a reasonable company rule constitutes misconduct *per se* within the meaning of the statute. In construing similar provisions, courts from other jurisdictions have viewed such a *per se* rule with disfavor. *Fitzgerald v.*

*Globe-Union, Inc.,* 35 Wis.2d 332, 151 N.W.2d 136, 26 A.L.R.3d 1346 (1967); *Hutchinson v. J. R. Simplot Co.,* 98 Idaho 346, 563 P.2d 404 (1977); *Williams v. Commonwealth Unemployment Comp. Bd. of Review,* 32 Pa.Cmwlth. 641, 380 A.2d 932 (1977); *Wade v. New York Tel. Co.,* 59 A.D.2d 1003, 399 N.Y.S.2d 906 (1977). While there is authority to the contrary, these decisions are consistent with what we believe to be the better reasoned rule, that denial of benefits based on misconduct should be determined not by the employer's rules, but rather by the provisions of the statute.

Our decision in *Therrien* also supports that view. There, the employees were discharged after they refused to enter into a trial program which the employer admittedly had a right to institute under the terms of a collective bargaining agreement. However, the fact that the employees refused to follow an order which the employer had a right to give did not *per se* disqualify them for the benefits of the statute.

An additional advantage of an *ad hoc* approach over a *per se* rule is that it allows the Commissioner to attach a different weight to different violations, depending on the magnitude of the violation, and whether it is willful or merely results from misunderstanding or carelessness.

In sum, the statute sets a rule of reason, to be objectively applied based on the totality of the circumstances, not solely on the basis of a violation of a reasonable company rule. The Commissioner determined here that both rules in question were reasonable. He erred in not going further to determine whether Mrs. Moore's nonconformance, if any, to those rules was, upon an objective standard, unreasonable under all the circumstances of the case.

The entry is:

Appeal sustained.

Judgment set aside.

---

**3.** We emphasize that we are not here concerned with the unquestioned right of an employer to terminate an employee. The issue is whether the State is justified in reinforcing that decision by denying a claimant the remedial

benefits of the statute for the conduct in question. See *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 86, 351 A.2d 631, 634 (1976).

Remanded to the Superior Court for remand, in turn, to the Employment Security Commission for further proceedings consistent with the opinion herein.

DUFRESNE, A. R. J., sat at oral argument and conference while he was Chief Justice, but retired prior to the preparation of the opinion. He joins in the opinion as Active Retired Justice.