**WELLBY SUPER DRUG STORES, INC.**

v.

**MAINE UNEMPLOYMENT
INSURANCE COMMISSION.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 23, 1992.

Decided Feb. 25, 1992.

Lawrence C. Winger, Herbert H. Bennett & Associates, P.A., Portland, for plaintiff.

Sarah Roberts Walton, Asst. Atty. Gen., August, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Wellby Super Drug Stores, Inc. (Wellby) appeals from the judgment entered in the Superior Court (Cumberland County, *Cole, J.*) affirming the decision of the Maine Unemployment Insurance Commission (Commission) awarding unemployment benefits to Lisa Rojas, a former Wellby employee. Wellby contends that the Commission erred in its determination that because the discharge of Rojas was not for misconduct connected with her work, as defined by 26 M.R.S.A. § 1043(23) (1988),[1] she was not

disqualified for unemployment benefits under the provisions of 26 M.R.S.A. § 1193(2) (1988).[2] We agree, and accordingly, we vacate the judgment.

Wellby employed Rojas as a clerk in the videotape department of its Congress Street store in Portland for two and one-half years. In late May of 1990, a company stop-loss specialist interviewed Rojas and other Wellby employees as part of an investigation into the disappearance of 300 tapes from the store's rental inventory. During the interview, Rojas revealed, *inter alia*, that twice within the previous six months she had entered information on company computer records indicating that she had paid late return fees on personal videotape rentals when, in fact, she had not made the payments. The admissions resulted in her immediate discharge.

Rojas applied for unemployment benefits, noting on the application that she was discharged for "not following the [company] Dishonesty Policy." The application was denied on the ground that Rojas had been discharged for misconduct connected with her work. After a hearing on Rojas's appeal, the Division of Administrative Hearings (Division) vacated the decision of the deputy and granted Rojas unemployment benefits. Following a hearing on Wellby's appeal, the Commission affirmed the Division's decision.[3] From a judgment entered in the Superior Court affirming the decision of the Commission, Wellby appeals.

....

---

1. The relevant portion of the statute provides:
**Misconduct.** "Misconduct" means conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
26 M.R.S.A. § 1043(23) (1988).

2. The statute provides in relevant part:
An individual shall be disqualified for benefits:

Discharge for misconduct. For the week in which he has been discharged for misconduct connected with his work, if so found by the deputy, and disqualification shall continue until claimant has earned 4 times his weekly benefit amount in employment by an employer.
26 M.R.S.A. § 1193(2) (1988).

3. 26 M.R.S.A. § 1194(5) (1988) provides: "The commission may on its own motion affirm, modify or set aside any decision of the Division of Administrative Hearings on the basis of the evidence previously submitted in that case or direct the taking of additional evidence...."

■ Wellby challenges the Commission's determination that Rojas's conduct did not violate a company policy warranting immediate termination and "[s]ince the claimant lacked any intent to commit theft, her conduct cannot rise to the level of misconduct as defined in the Employment Security Law" thereby disqualifying her from receiving unemployment benefits. Wellby argues that Rojas's entry of false information in Wellby's computer records was a violation of a company policy that warranted immediate termination of her employment and that such conduct falls within the statutory definition of misconduct thereby disqualifying Rojas for unemployment benefits. When the Superior Court acting as an appellate court reviews the action of an administrative board, we directly examine the record developed before the board. *Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me.1987). Review is limited to a determination of whether any competent evidence exists to support the Commission's findings as well as to determine whether the Commission has applied the correct law to its findings. *Id.*

The standard of behavior Wellby expects from its employees is set forth in its published "Human Resource Policy." It addresses, *inter alia*, three categories of unsatisfactory conduct by employees.[4] Although the policy mandates graduated levels of disciplinary action for employees whose conduct falls into either of the first two categories, there is a clearly stated provision for immediate termination of employees whose conduct is encompassed in the third category, serious misconduct. The policy defines serious misconduct to include dishonesty, and dishonesty is fur-

ther defined in a separate section of the policy.[5]

Wellby's policy states that an employee's dishonesty as further defined in that policy is within the category of serious misconduct warranting immediate termination of employment. By her own admission, Rojas was aware of the policy and the consequences of its violation at the time she entered false information into Wellby's computer system. The Commission's finding that because Rojas's discharge from employment was not for "theft, fighting, [or] sexual misconduct" her conduct did not violate company policy is clearly erroneous. The finding ignores the fact that Rojas's admitted dishonesty falls within the category of "serious misconduct," as defined by the company's policy, warranting immediate termination of her employment.

■ It is not an essential element of misconduct, as defined by the statute, that the employee have an intent to commit a theft. A determination of whether violation of a company policy comprises misconduct connected with work, as defined in section 1193 requires a two-pronged analysis: "[A] determination not only that the employer has a reasonable standard for discharge, but also that the employee acted unreasonably in failing to meet that standard." *Thompson v. Maine Unemployment Ins. Comm'n*, 490 A.2d 219, 222 (Me. 1985); *Moore v. Dep't of Manpower Affairs*, 388 A.2d 516, 519 (Me.1978). For purposes of this analysis reasonableness is an objective standard based on the circumstances of the case. *Id.*

■ Taking into account all the circumstances of this case as developed by the evidence, we find that Wellby's discipline policy, reflecting a concern for inter-

---

**4.** Wellby's discipline policy provides in relevant part:

> While situations requiring step counseling will vary, they will generally fall into the following categories:
> 1. Unsatisfactory job performance or attendance;
> 2. Failure to comply with company policies;
> 3. Serious misconduct. Examples include: theft or *dishonesty*; ...

(Emphasis added).

**5.** Wellby's dishonesty policy provides in relevant part:

> The following are some examples of associate dishonesty which may result in immediate termination:
> ....
> E. *Falsification of Company Documents.* Intentional false reporting or altering of information on any company document.

nal security, reasonably permits the immediate discharge of an employee for dishonest acts, including the deliberate entry into its computer records of false information as to the status of money owed the company. Further, we find that Rojas acted unreasonably by her deliberate violations or disregard of a standard of behavior Wellby had a right to expect of its employees and that this conduct is within the purview of misconduct as defined by section 1043(23). Accordingly, we hold the Commission erred in granting Rojas unemployment benefits.

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to enter judgment in favor of the plaintiff.

All concurring.