559 P.2d 769

**DEPARTMENT OF EMPLOYMENT,**
Plaintiff-Respondent,

v.

**IDAHO BICENTENNIAL COMMISSION,**
Defendant-Appellant.

No. 12105.

Supreme Court of Idaho.

Feb. 3, 1977.

Wayne L. Kidwell, Atty. Gen., Peter E. Heiser, Jr., Chief Deputy Atty. Gen., Boise, for defendant-appellant.

Roger B. Madsen, Asst. Atty. Gen., Wayne L. Kidwell, Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a decision of the Industrial Commission of the State of Idaho holding certain persons to be covered employees of the Idaho Bicentennial Commission for the purpose of unemployment insurance. We reverse.

The Bicentennial Commission undertook the restoration of the historic Cataldo Mission which was built by members of the Coeur d'Alene Indian tribe under the direction of Jesuit priests during the period of 1848 to 1853. It is the oldest structure in the State of Idaho and is a registered historical landmark.

Some portions of the work such as the roofing and installation of an electrical and heating system were sufficiently definitive that contracts could be let therefore, but the Bicentennial Commission found that it could not obtain bids for the performance of the entire restoration project. After consultation with certain financial officers of the State, an emergency was declared to enable the Bicentennial Commission to contract directly with workers for the remainder of the restoration project. Some thirty or thirty-five "contract laborers" were engaged to perform various specialty tasks. Among them were sculptors, wood carvers, master carpenters and others with special restorative or duplicative skills. Those persons were engaged on the basis of an hourly rate with the understanding that they would be independent contractors and would receive in addition to their hourly rate an additional 15 percent which was

designated to be in lieu of personal benefits and from which the workman was required to handle his own obligations with any taxing bodies.

It is clear that the "contract laborers" were intended by both the Commission and the workers to be independent contractors. While their work was laid out in generalities by the onsite architect, they were not closely supervised in their activities. They worked such hours only as they desired; they brought their own hand tools to the work. There is no showing of their inability to hire subordinates. The nature of their skills, together with the long distances that some of them travelled (some from Hawaii) solely because of their desire to work on that particular project of restoration of a historical monument establishes that they were engaged in independently established trades or occupations. The Commission's finding to the contrary is not sustained by the record.

We hold that the criteria heretofore established by this Court for determination of the status of independent contractors and hence, non-liability for unemployment insurance contributions has been met in the case at bar. *Totusek v. Dept. of Employment,* 96 Idaho 699, 535 P.2d 672 (1975); *Hammond v. Dept. of Employment,* 94 Idaho 66, 480 P.2d 912 (1971); *Swayne v. Dept. of Employment,* 93 Idaho 101, 456 P.2d 268 (1969).

The decision of the Industrial Commission is reversed.