679 P.2d 659

**Blaine LARSEN, dba Blaine Larsen Farms and Ammon Produce, Employer-Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Defendant-Respondent.**

No. 14602.

Supreme Court of Idaho.

April 2, 1984.

Blake G. Hall, Idaho Falls, for employer-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Carol Lynn Brassey, Roger T. Martindale, Deputy Attys. Gen., Boise, for defendant-respondent.

HUNTLEY, Justice.

This appeal presents a narrow issue: whether appellant Larsen's seasonal sprinkler pipe movers perform services which

are exempt from the application of Idaho's Employment Security Law (Ch. 13, Title 72, Idaho Code, 1947), which requires covered employers to make contributions to the employment security fund for the purposes of unemployment compensation.

The record establishes the following facts: Blaine Larsen operates a 13,000-acre farm, a large part of which is irrigated by movable sprinkler pipe. Individuals, most of whom are Mexican nationals or other migrant workers, are hired on a seasonal basis to move the sprinkler pipe. They are paid $2.50 per line of sprinkler pipe with an additional $.50 per line paid at the end of the season to those who remain throughout the season. They are paid biweekly; they receive no employment benefits provided to standard "employees." Their rate of pay is determined by the employer. They are hired by oral agreement, and no bids are submitted or taken for their work.

The parcels of farmland which are irrigated are spread out over an area with approximately a forty-mile radius. Individual movers are usually assigned to half a section of land. The pipes are moved in sequence every few hours. Larsen determines the length of time for each set, but pipe movers choose the exact hour at which each change is to be made. Once the required time-lengths and areas are determined by Larsen (or his manager), the pipe movers work with only periodic supervision.

The pipe movers supply their own gloves, boots and aprons. The pipe and equipment needed to deliver it to the fields is supplied by Larsen. No major items of equipment are needed during the irrigation work itself. Pipe movers may hire subordinates if they choose; however, they rarely do so except to have a family member help out on occasion. The movers may arrange to have someone replace them when they are ill, or they may inform Larsen, who will make the necessary arrangements.

It is appellant Larsen's contention that the services of the sprinkler movers, just described, are exempt from application of the employment security requirements be-

cause they constitute services of independent contractors pursuant to I.C. § 72–1316(d)(1). That subsection provides that

"(d) Services performed by an individual for remuneration shall, for the purposes of the employment security law, be covered employment:

(1) Unless it is shown:

(A) *That the worker has been and will continue to be free from control or direction in the performance of his work,* both under his contract of service and in fact, *and*

(B) *That the worker is engaged in an independently established trade, occupation, profession, or business....*" (Emphasis added.)

Before an employer may establish an exemption under subsection 72–1316(d)(1), both conditions, set out as subparts (A) and (B) in that subsection, must be shown to be met. We uphold the Commission finding that appellant Larsen did not meet the requirement of subpart (B), i.e., show that the sprinkler pipe movers were "engaged in an independently established trade, occupation, profession or business." Accordingly, we do not need to reach the question of "control or direction" presented by subpart (A).

The requirement of subpart (B) that the worker be engaged in an independent trade or business has been held to involve consideration of a number of factors: whether the worker has authority to hire subordinates; whether the worker owns major items of equipment; whether either party would be liable to the other for peremptory termination of the business relationship (these three considerations were enumerated in *Swayne v. Department of Employment,* 93 Idaho 101, 456 P.2d 268 (1969), and have been restated in subsequent decisions; *see, e.g., Totusek v. Department of Employment,* 96 Idaho 699, 535 P.2d 672 (1975); *see also Hammond v. Department of Employment,* 94 Idaho 66, 480 P.2d 912 (1971) (holding that no one factor of the three is conclusive)). In *Department of Employment v. Brown Brothers Const.,* 100 Idaho 479, 600 P.2d

**384**

783 (1979), we pointed out that the tests set out in *Swayne* were not the only applicable criteria for determining the nature of the working relationship. *Id.* at 482, 600 P.2d at 786. In fact, since the determination of whether the worker is "engaged in an independently established trade, occupation, profession or business" is "one which must be determined from all the facts and circumstances of the individual case," *National Trailer Convoy, Inc. v. Employment Security Agency,* 83 Idaho 247, 251, 360 P.2d 994, 996 (1961), there must necessarily be taken into consideration a number of factors, depending upon the circumstances of each case. In *National Trailer* this Court set out several relevant factors, where they may be determined:

> " 'Among the factors to be considered are whether the contractor is carrying on an independent business; whether the work is part of the employer's general business; the nature and extent of the work; the skill required; the term and duration of the relationship; the right to assign the performance of the work to another; the power to terminate the relationship; the existence of a contract for the performance of a specified piece of work; the control and supervision of the work; the employer's powers and duties with respect to the hiring, firing, and payment of the contractor's servants; the control of the premises; the duty to supply the premises, tools, appliances, material, and labor; and the mode, manner, and terms of payment. Ordinarily no one feature of the relationship is determinative, and all are taken into consideration in determining whether or not a person is an independent contractor.' " 83 Idaho at 252, 360 P.2d at 997.

Because it is for the factfinder to determine whether the worker has the status of an independent contractor (except in "the clearest of cases," *Fitzen v. Cream Top Dairy,* 73 Idaho 210, 124, 249 P.2d 806, 809 (1952)), we look to the record to determine if the decision of the Industrial Commission is supported by substantial and competent evidence. We hold that it is.

The record declares that moving of sprinkler pipe is not work which demands particular skill, qualification or training; nor does it entail the use of highly specialized or expensive equipment, both strong indicators of an independently established trade, occupation, profession or business. As the factfinder emphasized, the only items of equipment supplied by the workers are gloves, boots, and aprons, more properly items of clothing than equipment. As to the existence of a specified piece of work the accomplishment of which would signal the required payment and the end of the contractual relationship, appellant Larsen's business manager testified that the job sought to be completed, or the end result to be achieved, is the irrigation of the crops. All of the major equipment for the irrigation operation, the sprinkler pipe itself and tractors and trailers needed to move the pipe before the lines are set up or when they are changed or transferred from area to area, is supplied by the employer. The involvement of the pipe movers is only a part of the entire irrigation operation. This is in sharp contrast to a custom combining operation, which appellant has suggested as the model for the irrigation pipe movers' status as independent contractors. Custom combiners provide their own specialized equipment and skills. Although appellant's treatment of the pipe movers may be different than that typical of an employer-employee relationship, the service they provide is not thereby rendered "an independently established trade, occupation, profession, or business." We find no error in the commission's determination that appellant has not established entitlement to an exemption from the application of the employment security provisions, under I.C. § 72–1316(d)(1). The order of the industrial commission is affirmed. Costs to respondents.

DONALDSON, C.J., and BAKES and BISTLINE, JJ., concur.

SHEPARD, J., dissents without opinion.