764 P.2d 429

In re Warren SWARTZ, Jr.

**BURNS BROTHERS, INC., Employer Account No.: 1077638, Employer,**

v.

**Larry HOLTZMAN, dba the Truck Wash, Employer Account No.: 083895, Employer–Appellant,**

and

**State of Idaho, Department of Employment, Respondent.**

No. 17110.

Supreme Court of Idaho.

Oct. 31, 1988.

Sallaz & Doolittle, Boise, for employer-appellant. Dennis J. Sallaz, argued.

Jim Jones, Atty. Gen., Laura B. Arment, Deputy Atty. Gen., Boise, for respondent. Laura B. Arment, argued.

JOHNSON, Justice.

This is an unemployment tax case. The only issue presented is whether there was substantial and competent evidence to support the decision of the Industrial Commission (the Commission) that truck washers employed by Holtzman were covered employees. We conclude that there was and affirm the Commission's order.

## I. DECISION OF THE COMMISSION

Holtzman appealed to the Commission from a decision of an appeals examiner of the Idaho Department of Employment finding him to be a covered employer in relation to a truck washer he had employed. The Commission assigned the matter to a referee who conducted a hearing. The referee recommended to the Commission findings of fact, conclusions of law, and an order affirming the decision of the appeals examiner. The Commission reviewed the record and adopted the referee's recommendations as its decision.

The Commission found that Holtzman hired employees to assist him in a truck washing business. No worker was required to furnish any equipment for the job other than personal clothing. Holtzman showed the worker how to perform the washing work and how to complete paperwork. No liability existed between the workers and Holtzman for terminating the relationship without notice. Holtzman allowed the workers to set when they would quit working and allowed them to have others substitute for them. Workers were paid for each truck washed regardless of the amount of time spent washing the vehicle. Workers received thirty percent of the gross amount billed to the truck driver.

The Commission concluded that the services of the workers were "covered employment," since they were subject to Holtzman's direction and control and were not engaged in an independent business. The Commission decided that the payment received by the workers for services rendered in washing the trucks constituted wages for unemployment insurance purposes and that Holtzman was a covered employer.

## II. DECISION OF COMMISSION IS SUPPORTED BY SUBSTANTIAL AND COMPETENT EVIDENCE.

The statute at issue is I.C. § 72–1316(d), which provides:

(d) Services performed by an individual for remuneration shall, for the purposes of the employment security law, be covered employment:

(1) Unless it is shown:

(A) That the worker has been and will continue to be free from control or direction in the performance of his work, both under his contract of service and in fact, and

(B) That the worker is engaged in an independently established trade, occupation, profession, or business.

■ It is for the Commission as fact finder to determine whether the worker is covered by this statute or is excluded. Our scope of review is to "look to the record to determine if the decision of the Industrial Commission is supported by substantial and competent evidence." *Larsen v. Department of Employment*, 106 Idaho 382, 384, 679 P.2d 659, 661 (1984).

■ After reviewing the record here we are satisfied that the decision of the Commission is supported by substantial and competent evidence. We affirm the Commission's order.

Costs to respondent.

SHEPARD, C.J., BAKES, and HUNTLEY, JJ., and McFADDEN, J., Pro Tem., concur.