Ted SCHAEFER, d.b.a. Fresh Air
Enterprises, Petitioner and
Appellant,

v.

JOB SERVICE NORTH DAKOTA,
Respondent and Appellee,

and

Kenneth Bedor, Respondent.

Civ. No. 900210.

Supreme Court of North Dakota.

Nov. 29, 1990.

Sonna M. Anderson of Anderson & Anderson, Bismarck, for petitioner and appellant.

David E. Clinton, Asst. Atty. Gen., Bismarck, for respondent and appellee.

LEVINE, Justice.

Ted Schaefer, d.b.a. Fresh Air Enterprises, appeals from a district court judgment upholding the decision of Job Service of North Dakota requiring him to pay job insurance taxes on income received by Kenneth Bedor. We affirm.

Schaefer distributes the "Rainbow Household Cleaning System," a multiple-purpose machine that operates as a vacuum cleaner, air freshener and humidifier. Schaefer recruited, trained and supplied Bedor as a salesman of Schaefer's products in western North Dakota. After a brief period of training and monitored sales as an "Independent Trainee Dealer," Bedor became an "'A' Dealer," compensated by the difference between a "wholesale" price set by Schaefer and the purchase price. Bedor worked under this arrangement from March 1988 until January 1989, when apparently, through mutual agreement, Bedor quit.

Job Service issued a determination requiring Schaefer to pay job insurance taxes on income received by Bedor. Schaefer appealed and, following a hearing, an appeals referee reversed the initial decision, concluding that Bedor was an independent contractor whose income was not subject to job insurance taxation. That decision was then reviewed by the Executive Director of Job Service who concurred with the initial determination requiring Schaefer to pay job insurance taxes. Schaefer appealed to the district court which upheld the decision of Job Service's Executive Director. Schaefer then appealed to this Court.

Schaefer asserts that he should not be required to pay job insurance taxes on Bedor's income because Bedor is an independent contractor whose services do not subject Schaefer to liability for job insurance taxes. We disagree.

■ It is the public policy of this State to soften the harsh impact of involuntary unemployment by providing unemployment insurance. Section 52–01–05, NDCC; *see also Newland v. Job Service North Dakota,* 460 N.W.2d 118 (N.D.1990). North Dakota unemployment compensation law is remedial legislation which should, therefore, be construed liberally in favor of the employee. *Newland,* 460 N.W.2d at 121. *See also Princess House, Inc. v. Dept. of Industry,* 111 Wis.2d 46, 330 N.W.2d 169, 177 (1983) (unemployment compensation statute is remedial and "should be liberally construed to effect unemployment compensation coverage for workers who are economically dependent upon others in respect to their wage-earning status").

■ Section 52–01–01(17)(e), NDCC, provides:

"Services performed by an individual for wages or under any contract of hire must be deemed to be employment subject to the North Dakota Unemployment Compensation Law unless and until it is shown that: (1) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; (2) such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of the enterprise for which such service is performed; and (3) such individual is customarily engaged in an independently established trade, occupation, profession, or business."

Under this provision, an individual who meets the criteria of subparts (1), (2) and (3) is deemed to have independent-contractor status which exempts his or her income from job insurance taxation. *Speedway, Inc. v. Job Service North Dakota,* 454 N.W.2d 526 (N.D.1990). This three-part test under section 52–01–01(17)(e), NDCC, is commonly referred to as the ABC test. *Id.* While Job Service has the burden of proving that the worker's services were done for wages or under a contract for hire, the employer has the burden of establishing an exemption from unemployment

compensation liability. *See Hasco Mfg. Co. v. Maine Employment Security Com'n,* 158 Me. 413, 185 A.2d 442 (1962).

Schaefer argues that Bedor meets each of the criteria under the ABC test and is therefore an independent contractor whose income is exempt from unemployment insurance taxation. Job Service determined that Schaefer failed to establish that Bedor was an independent contractor under parts (1) and (3) of the ABC test. Each part of the ABC test must be fulfilled in order for a worker to qualify as an independent contractor. Because we uphold Job Service's findings and conclusion that Schaefer did not establish part (3) of the ABC test, namely that Bedor was "customarily engaged in an independently established trade, occupation, profession, or business," we need not review that part of the agency's decision that held that part (1) of the ABC test also was not fulfilled.

■ Part C, the third part of the ABC test, requires the worker to be "customarily engaged in an independently established trade, occupation, profession, or business." Job Service considered five factors in judging Bedor's status under this portion of the test. It asked: "(1) whether the worker has authority to hire subordinates; (2) whether either party would be liable to the other for a peremptory termination of the business relationship; (3) whether the worker owned major items of equipment; (4) whether the work is part of the employing unit's organization; and (5) whether the worker is in a position to realize a profit or suffer a loss." We will normally defer to a reasonable interpretation placed on a statute by the agency charged with enforcing it, especially when that interpretation does not clearly contradict the statutory language. *In re Skjonsby Truck Line, Inc.,* 357 N.W.2d 227, 231 (N.D.1984). Schaefer does not challenge the use of these factors; rather, he challenges the findings of fact made relative to these factors and the ultimate conclusion Job Service drew from those findings.

■ When we examine findings of fact made by an administrative decision-maker, we look to see if they are supported by a preponderance of the evidence. NDCC § 28–32–19(5). In determining whether an agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the administrative decision-maker, but determine only whether a reasoning mind reasonably could have determined that the factual conclusions were proved by the weight of the evidence. *Skjefte v. Job Service,* 392 N.W.2d 815, 817–18 (N.D.1986).

■ Specifically, Schaefer challenges the finding that Bedor had no substantial investment in the enterprise. Job Service reasoned that it was an indication of employee status that there was no requirement to invest in the enterprise and no risk of loss. Job Service found that Bedor had no proprietary interest in the machines and could suffer no loss, or gain no profit from any investment. *See Murphy v. Daumit,* 387 Ill. 406, 56 N.E.2d 800 (1944); *Department of Employ. v. Brown Bros. Const., Inc.,* 100 Idaho 479, 600 P.2d 783 (1979). The record shows that Bedor did not own the Rainbow machine that he used for demonstrations. Schaefer owned the machines and gave them to the dealers on consignment. Bedor bought some of the supplies used during the demonstrations, and some he was given by Schaefer. Bedor used his own car to travel to sales and meetings at Schaefer's office and Bedor paid the expenses for the car. Bedor does not appear to have kept an inventory, and the record does not indicate he made any capital contributions to Schaefer's enterprise. The agency could reasonably conclude from these facts that Bedor did not have a substantial investment in the Rainbow sales enterprise.

Schaefer also challenges a related finding that Bedor was not "at risk" because of any "proprietary interest" in the business. The record shows that Bedor sold some Rainbows under a credit arrangement, but that defaults in financing were not charged against him. It also shows that the one item owned by Bedor prior to starting with Schaefer which was kept after he left Schaefer was his car. Schaefer argues that because Bedor kept a Rainbow machine on consignment he bore the risk of the machine being lost or damaged. Schae-

fer owned the machine, however, and Bedor's risk was no greater than any employee that loses or destroys a major piece of equipment owned by his employer. When Bedor left Schaefer, he was allowed to return the Rainbow machine. The agency could reasonably conclude that this evidence supported a finding that Bedor was not at risk because of any ownership interest.

We conclude that the agency's findings of fact are supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact and the decision is supported by the conclusions of law. We affirm the judgment of the district court affirming the decision of the agency.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.