809 P.2d 500

**In re Amadeo GUAJARDO.**

**HOUSING AUTHORITY OF the CITY OF WILDER, Employer–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Respondent.**

**No. 18536.**

Supreme Court of Idaho,
Boise, January 1991 Term.

April 18, 1991.

**640**

Kenneth D. Roberts, Caldwell, for appellant.

Jim Jones, Atty. Gen., John C. Hummel, Deputy Atty. Gen. (argued), Boise, for respondent.

JOHNSON, Justice.

This case involves contributions to the employment security fund. The only issue presented is whether there is substantial and competent evidence to support the finding of the Industrial Commission that Amadeo Guajardo was an employee of the Housing Authority of the City of Wilder (the Housing Authority). We hold that there is substantial and competent evidence to support the Commission's finding.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

The Housing Authority and Donato Barrera executed a written agreement in which the Housing Authority agreed to pay Barrera for irrigating the lawn at a housing project operated by the Housing Authority. The agreement denominated Barrera as the "Contractor." When Barrera quit, Guajardo filled Barrera's position and initialed the agreement next to Barrera's signature.

The Housing Authority provided Guajardo with a key to turn valves on and off. Guajardo furnished his own wetsuit, shov-el, screwdriver and pliers. The Housing Authority did not know whether Guajardo performed irrigation services for anyone else.

Guajardo believed he was not free to irrigate for others and did not advertise as an irrigator. Guajardo claims that the administrator of the Housing Authority told Guajardo to work initially from 8:00 a.m. to 5:00 p.m. and then from 7:00 a.m. to 7:00 p.m. when the grass needed more water. The Housing Authority provided a worker to help Guajardo fix sprinklers and to do excavations. Guajardo never reported to the Housing Authority the hours he worked and was paid a set amount on the first and fifteenth of each month.

Guajardo went to Texas for several weeks after the irrigation season concluded. When Guajardo returned to Idaho, he performed maintenance work for the Housing Authority for several weeks and was then laid off.

After Guajardo applied for unemployment insurance benefits, the Idaho Department of Employment (the Department) learned that the Housing Authority had not made contributions to the employment security fund for compensation the Housing Authority had paid Guajardo for irrigating. The Housing Authority contended that Guajardo was an independent contractor when he did the irrigating.

Although Guajardo did not continue to pursue the claim for unemployment insurance benefits, the Department pursued the collection of contributions to the employment security fund from the Housing Authority. The Department issued a determination that Guajardo and others similarly employed performed services for the Housing Authority for wages in covered employment for unemployment insurance purposes. An appeals examiner ruled that the services in question were not in covered employment and that the remuneration paid was not wages. The Department requested that the Commission review the decision of the appeals examiner.

The Commission concluded that: (1) the Housing Authority did not meet its burden of proving exemption from unemployment

compensation tax, (2) there is not substantial and competent evidence to support the appeals examiner's decision, and (3) Guajardo and others similarly engaged in the performance of irrigation services for the Housing Authority are employees and not independent contractors. The Housing Authority appealed this decision.

## II.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S FINDING THAT GUAJARDO WAS AN EMPLOYEE.

The Housing Authority asserts that the Commission should have agreed with the appeals examiner that Guajardo was an independent contractor. The issue presented for us is whether there is substantial and competent evidence in the record to support the Commission's finding that Guajardo was an employee. We conclude that there is substantial and competent evidence to support the Commission's finding.

■ Preliminarily, we note that counsel for the Housing Authority acknowledged in oral argument that our decision in *Spruell v. Allied Meadows Corp.*, 117 Idaho 277, 279, 787 P.2d 263, 265 (1990) reaffirmed that the Commission reviews an appeals examiner's decision de novo pursuant to I.C. § 72–1368(g).

In this case, the Commission included a statement in its decision that might be read to indicate that the Commission did not review the appeals examiner's decision de novo. The Commission stated: "There is not substantial and competent evidence in the record to support the Examiner's decision that [Guajardo] and others similarly situated did not perform services in covered employment." This was followed immediately, however, by a finding—although styled as a conclusion—that Guajardo and others similarly engaged in the performance of irrigation services for the Housing Authority are employees and not independent contractors. Because of this finding, we treat the Commission's decision as a de

novo review of the appeals examiner's decision as I.C. § 72–1368(g) provides.

■ *Spruell* also reaffirmed that our review in this type of case involving a factual dispute is restricted to determining whether the Commission's findings of fact are supported by substantial and competent evidence. *Id.* at 278, 787 P.2d at 264.

■ In making its decision in this case, the Commission correctly focused on the following provisions of I.C. § 72–1316:

(d) Services performed by an individual for remuneration shall, for the purposes of the employment security law, be covered employment:

(1) Unless it is shown:

(A) That the worker has been and will continue to be free from control or direction in the performance of his work, both under his contract of service and in fact, and

(B) That the worker is engaged in an independently established trade, occupation, profession, or business;

The Commission correctly cited *Department of Employment v. Bake Young Realty*, 98 Idaho 182, 184, 560 P.2d 504, 506 (1977) for the test regarding the right to control contained in I.C. § 72–1316(d)(1)(A). The Commission found that the Housing Authority assumed and exercised the right to control the time, manner, and method of Guajardo's work. The Commission noted that Guajardo was required to work specific hours and never hired anyone to do the job for him. The Commission said that the evidence demonstrates that the Housing Authority hired and paid an assistant to help Guajardo with the work.

The Commission also correctly cited *Larsen v. Department of Employment*, 106 Idaho 382, 384, 679 P.2d 659, 661 (1984) for the considerations that should be weighed in determining whether a worker is engaged in an independently established trade or business as referred to in I.C. § 72–1316(d)(1)(B). The Commission found that Guajardo did not provide any equipment to irrigate the lawn, with the exception of one shovel and protective clothing. The Commission noted that in *Larsen* this

Court held that wet gear was merely clothing and not equipment. The Commission also found that Guajardo did not advertise as an irrigator nor work for any other businesses as an irrigator, or in any other capacity.

Having reviewed the record, we find that there is substantial and competent evidence to support the Commission's finding that Guajardo was an employee and not an independent contractor.

■ We decline to address the portion of the Commission's decision that addresses "others similarly situated" to Guajardo. If the facts concerning other workers are identical to the facts in this case, our decision upholding the finding of the Commission will be precedent that those other workers are also not exempt from the employment security law. We are not prepared, however, to approve in advance a ruling concerning "others similarly situated" if the facts concerning those other workers are not identical to the facts in this case. Cases involving other workers must be determined on the basis of the facts presented.

### III.

### CONCLUSION.

We affirm the decision of the Commission finding that Guajardo was an employee.

We award costs on appeal to the Department of Employment.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.