Carol HOLTZ, Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
Appellee.

Civ. No. 910242.

Supreme Court of North Dakota.

Jan. 9, 1992.

Mark G. Schneider of Schneider, Schneider & Schneider, Fargo, for appellant.

Dean J. Haas, Asst. Atty. Gen., Bismarck, for appellee.

LEVINE, Justice.

Carol Holtz appeals from a district court judgment affirming the Workers' Compensation Bureau's order denying her disability and vocational rehabilitation benefits. We affirm.

Holtz left her employment at a beauty shop in August of 1989 because she contracted dermatitis. She was granted temporary total disability benefits which were to be discontinued in early September. *See* NDCC §§ 65–01–02(12)(b) and 65–05–09. However, Holtz remained unemployed and asked the Bureau for assistance in finding employment. *See* NDCC § 65–05.1–01(7)(b). She was given a vocational assessment from which a vocational rehabilitation report was established. *See* NDCC § 65–05.1–02.1.

The Bureau issued an order denying vocational and rehabilitation benefits because Holtz had transferable skills which would allow her to return to work within her

physical limitations. Holtz requested a hearing and the Bureau affirmed its order denying Holtz benefits. The Bureau concluded that Holtz' current disability, "if any, is unrelated to her work injury."

Holtz appealed to the district court which affirmed the Bureau's order. This appeal followed.

One week after she left her job at the beauty salon, Holtz fell and severely fractured her elbow. The elbow required surgery. Then, several months later, Holtz was involved in a hit-and-run automobile accident in which she sustained a serious whiplash injury. Both injuries have created physical limitations. Holtz asserts that the Bureau should have considered her physical limitations caused by these non-work-related injuries when it considered her eligibility for disability and rehabilitation benefits. She relies on NDCC § 65–05.1–01(3) which states:

> "It is the goal of vocational rehabilitation to return the disabled employee to substantial gainful employment with a minimum of retraining, as soon as possible after an *injury* occurs. 'Substantial gainful employment' means bona fide work, for remuneration, which is reasonably attainable in light of the individual's *injury, medical limitations,* age, education, previous occupation, experience, and transferable skills, and which offers an opportunity to restore the employee as soon as practical and as nearly as possible to the employee's average weekly earnings at the time of injury, or to seventy-five percent of the average weekly wage in this state on the date the rehabilitation consultant's report is issued under section 65–05.1–02.1, whichever is less. The purpose of defining substantial gainful employment in terms of earnings is to determine the first appropriate priority option under subsection 4 of section 65–05.1–04 which meets this income test." (Emphasis added.)

■ Statutory interpretation is a question of law and, therefore, fully reviewable by this court. *Newland v. Job Service N.D.,* 460 N.W.2d 118 (N.D.1990). We defer to the interpretation given to a statute by the agency which is responsible for enforcing the statute, especially when such interpretation is consistent with the statutory language. *Schaefer v. Job Service N.D.,* 463 N.W.2d 665 (N.D.1990). We construe statutes to effectuate the intent of the legislature. *Timm v. Schoenwald,* 400 N.W.2d 260 (N.D.1987). In construing a statute, we consider the entire enactment of which it is a part and, to the extent possible, interpret the provision consistent with the intent and purpose of the entire Act. *In Interest of M.Z.,* 472 N.W.2d 222 (N.D.1991). In determining legislative intent, we may consider the objects sought to be obtained, the statute's connection to other related statutes and the consequences of a particular construction. *Id.* The meaning of a given word in a statute can be affected by the context in which it is used. *Westman v. N.D. Workers Comp. Bureau,* 459 N.W.2d 540 (N.D.1990).

■ Holtz says that the term "medical limitations" within NDCC § 65–05.1–01(3) requires that all of an injured employee's medical limitations are relevant to a decision about eligibility and that the Bureau should consider them as well as limitations from work-related injuries. She says that we should construe "medical limitations" liberally.

We have often acknowledged that the workers' compensation chapter should be liberally construed to benefit all those who come within its provisions. *Claim of Bromley,* 304 N.W.2d 412 (N.D.1981). But, we cannot ignore the words of a statute. *Holmgren v. N.D. Workers Comp. Bureau,* 455 N.W.2d 200 at 207 (N.D.1990). Nor can we ignore the context in which the words of a statute are used or the whole Act of which the statute is a part.

Section 65–05.1–01(3), NDCC, refers to a claimant's medical limitations as one of the criteria to be considered in determining what "substantial gainful employment" is reasonably attainable for a particular claimant. Another criterion is an individual's "injury." Reading "medical limitations" together with "injury," we believe the intent of the legislature was for the Bureau to consider an individual's medical

limitations at the time that individual sustained a work-related injury. The proposition that an injury must be work-related, that is, within the course of employment, is evidenced throughout the workers' compensation law.

Section 65–05.1–01(1), NDCC, proclaims:

"The state of North Dakota exercising its police and sovereign powers, declares that disability caused by injuries in the course of employment and disease fairly traceable to the employment create a burden upon the health and general welfare of the citizens of this state and upon the prosperity of this state and its citizens."

While all disease and disability diminishes the welfare and prosperity of the state and its people, it is only that disease and disability that is "caused by injuries in the course of employment and ... fairly traceable to the employment," that the rehabilitation chapter of the Workers' Compensation Act addresses.

Section 65–01–01, NDCC,[1] declares that the prosperity of the state depends upon the well-being of its wage workers and that workers injured as a result of hazardous employment should be provided certain relief. Under NDCC § 65–02–02(2), "hazardous employment" means employment on a regular basis. Section 65–01–02(8), NDCC,[2] defines a "compensable injury" as one rising out of and in the course of employment. Section 65–05–05, NDCC,[3] requires the Bureau to dispense benefits to those who have been injured in the course of their employment. Section 65–09–01, NDCC, finds an employer who fails to comply with the provisions of chapter 65–04 liable to employees for any damages suffered from "injuries sustained in the course of employment." These statutes clearly tell us that it is work-related injury that is at the center of the legislature's attention. Holtz' argument that an injured person should collect for nonwork-related injuries that occur after a work-related injury and with no causal connection to the work-related injury, and have those subsequent injuries considered in a rehabilitation assessment, flies in the face of the language of the workers' compensation statutes and the legislative intent and purpose conveyed by that language.

■ The Bureau acknowledges that Holtz need not prove that the work-related injury is the sole cause of her disability or even that it is a primary cause of that disability. To the contrary, the work injury need only be a "substantial contributing factor" to the disability. *Satrom v. N.D. Workmen's Comp. Bureau*, 328 N.W.2d 824, 831 (N.D.1982).

Holtz does not claim that her disability is related to her employment as a beautician. Nor does she claim that her work-related dermatitis is a "substantial contributing factor" to any alleged disability. Therefore, the Bureau need not consider any medical limitations Holtz suffers from subsequent nonwork-related injuries.

We hold that the Bureau correctly applied the law in determining Holtz' need for rehabilitation. We affirm.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., concur.

---

1. NDCC § 65–01–01 states:
   "The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workers injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil claims for relief for such personal injuries and all jurisdiction of the courts of the state over such causes are abolished except as is otherwise provided in this title."

2. NDCC § 65–01–02(8) states:
   "'Compensable injury' means an injury by accident arising out of and in the course of employment."

3. NDCC § 65–05–05 states:
   "The bureau shall disburse the fund for the payment of compensation and other benefits as provided in this chapter to employees, or to their dependents in case death has ensued, who:

   .     .     .     .     .

   "3. Have been injured in the course of their employment.
   ....."

Justice H.F. GIERKE, a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.